# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

　　　　　*Plaintiff-Appellee,*

v.

ANTHONY JEROME DANIELS, a/k/a
Ant,

　　　　　*Defendant-Appellant.*

No. 02-4415

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-99-11-V)

Submitted: December 17, 2002

Decided: January 15, 2003

Before WILKINS and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Eric A. Bach, Charlotte, North Carolina, for Appellant. Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Anthony Jerome Daniels appeals from his conviction and 180-month sentence for conspiracy to possess with intent to distribute quantities of cocaine, crack cocaine, and marijuana, in violation of 21 U.S.C. § 846 (2000).

Daniels' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he raises three issues: (1) whether the Rule 11 hearing was adequate under Fed. R. Crim. P. 11; (2) whether the district court correctly applied the Sentencing Guidelines; and (3) whether the court properly denied his motion for a downward departure under *U. S. Sentencing Guidelines Manual* § 4A1.3 (2000). Daniels filed a pro se supplemental brief arguing violations of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), double jeopardy, and prosecutorial misconduct.

After reviewing the record, it is clear Daniels has waived his right to appeal in his plea agreement. A defendant may waive the right to appeal if that waiver is both knowing and intelligent. *See United States v. Broughton-Jones*, 71 F.3d 1143, 1146 (4th Cir. 1995). This Court reviews the validity of a waiver de novo. *See United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992).

Because the district court fully questioned Daniels regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. *See United States v. Wessells*, 936 F.2d 165, 167-68 (4th Cir. 1991); *United States v. Wiggins*, 905 F.2d 51, 53-54 (4th Cir. 1990).

Although Daniels waived his appellate rights, he may raise allegations of prosecutorial misconduct on appeal. However, Daniels' contentions that the Government ran a "sham" on the court "by acting as

if the indictment in this case charged a Federal offense" and created an "illusionary plea agreement," are baseless and unsupported.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Daniels' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*